**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RAMON HERNANDEZ JUAREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-03383-TLP-atc |
| v. | ) | No. 2:26-cv-03452-TLP-atc |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

These two cases feature the same Petitioner, Respondent, and questions of law and fact. (No. 2:26-cv-03452-TLP-atc, ECF No. 9 at PageID 24.) So Chief Judge Sheryl H. Lipman consolidated these cases and transferred them to the undersigned. (*Id.*)

In both cases, Petitioner Ramon Hernandez Juarez, a noncitizen detained by United States Immigration and Customs Enforcement ("ICE"), petitioned for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (No. 2:26-cv-03383-TLP-atc, ECF No. 2; No. 2:26-cv-03452-TLP-atc, ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (No. 2:26-cv-03383-TLP-atc, ECF No. 5; No. 2:26-cv-03452-TLP-atc, ECF No. 4.) Respondent responded. (No. 2:26-cv-03383-TLP-atc, ECF No. 6.) And Petitioner has not replied.

For the reasons below, the Court **GRANTS IN PART** Petitioner's Petition and **ORDERS** Respondent to provide Petitioner with an individualized bond hearing within seven days. In that hearing, Respondent must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. If Respondent fails to make such a showing or fails to

hold a timely bond hearing, the Court **ORDERS** Respondent to immediately release Petitioner from custody.

## BACKGROUND

Petitioner is from Mexico and has spent his "whole life in the United States." (ECF No. 2 at PageID 7.) He asserts that officials detained him during a routine inspection, saw that he had no "documents," and "took" him "to ICE." (*Id.* at PageID 3.)

Petitioner seems to have been detained at the West Tennessee Detention Facility in Mason, Tennessee, since September 10, 2026. (*Id.* at PageID 2, 5.) His pro se Petition challenges the legality of his detention without a bond hearing. (*See id.* at PageID 1–9.) Petitioner requests that the Court order Respondent to release him. (*Id.* at PageID 8.) Respondent counters that Petitioner has failed to exhaust his administrative remedies. (ECF No. 6 at PageID 14.)

While the Court does not find immediate release appropriate, it concludes that Petitioner is entitled to a constitutionally adequate bond hearing.

## ANALYSIS

Federal courts may grant a Writ of Habeas Corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). These protections apply to noncitizens as well as citizens. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Noncitizens who have 'passed through our gates, even illegally, may be expelled only after proceedings conforming to the traditional standards of fairness encompassed in due process of law.'" *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 2012 (1953)).

The Sixth Circuit recently decided in *Lopez-Campos* that a noncitizen "detained within the interior of the United States who has never affirmatively applied for admission" is subject to 8 U.S.C. § 1226's "permissive detention scheme," not § 1225(b)(2)(A)'s "mandatory detention scheme." *Id.* at 721, 732. And those "noncitizens within the interior of the United States" are entitled to "individualized bond hearings." *Id.* at 732, 734. "To hold otherwise would subject long-term law-abiding residents in the United States . . . to the hardship of mandatory detention without due process." *Id.* at 735. Respondent does not contest that *Lopez-Campos* applies; he argues only that the Court should deny the Petition because he failed to exhaust his administrative remedies. (ECF No. 6 at PageID 14.) Respondent notes that Petitioner has not filed a bond request in the immigration court. (*Id.* at PageID 17.)

Administrative exhaustion is required when mandated by Congress. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But when, as here, no statute mandates exhaustion, whether to require exhaustion of administrative remedies lies within "sound judicial discretion." *Id.* In exercising that discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146; *see Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citation omitted)). Institutional interests include "protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 145.

At times, the interest of the individual weighs heavily against the institutional interests at stake. This may be true when an "unreasonable or indefinite timeframe for administrative action" creates undue prejudice; when administrative remedies are inadequate because the

agency is not "empowered" to grant effective relief; or when "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 146–48. A court may also waive exhaustion when pursuing administrative remedies would be futile. *Shearson v. Holder*, 725 F.3d 588, 594 (6th Cir. 2013).

Before *Lopez-Campos*, this Court routinely held that administrative exhaustion was futile. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, 2025 WL 3689158, at *3–4 (W.D. Tenn. Dec. 9, 2025). That was because the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado* made exhausting administrative remedies a fruitless endeavor. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (B.I.A. 2025) (deciding that aliens "who surreptitiously cross into the United States remain applicants for admission until and unless they are lawfully inspected and admitted by an immigration officer," because "[r]emaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an 'admission'"). For those petitioners to exhaust their administrative remedies, they would have needed to appeal to the BIA, which mandated their detention in the first place.

After *Lopez-Campos*, this Court sometimes required Petitioners to exhaust their administrative remedies before seeking federal court intervention. But the Court has now joined others to conclude that the immigration court's administrative procedures violate due process: BIA precedent requires the immigration judge to put the burden of proof on the noncitizen, so it is up to him to show he is not a flight risk or a danger to the community. (*See* No. 2:26-cv-02922, *Gonzalez-Calderon v. Bullock*, ECF No. 15 ("Order Granting Petition for Writ of Habeas Corpus") at PageID 146–47; *see also In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (placing on the noncitizen the "burden . . . to show" he or she "merits release on bond").)

The Court thus concludes that Petitioner's bond hearing before an immigration judge is

an inadequate administrative remedy. So it declines to require Petitioner to exhaust administrative remedies.

## CONCLUSION

The Court therefore **GRANTS IN PART** the Petition for Writ of Habeas Corpus and **ORDERS** Respondent either to immediately release Petitioner or to provide him with a bond hearing before an immigration judge in the next seven days. If Respondent decides to provide Petitioner with a bond hearing, the following must apply:

(1) Respondent must provide a copy of this Order to the immigration judge before any hearing;

(2) the immigration judge shall have jurisdiction over the matter and the authority to grant bond;

(3) Respondent must bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, included in the record, that Petitioner is either a flight risk or a danger to the community;

(4) the immigration judge must consider the evidence submitted by Petitioner, carefully weigh the nine relevant factors from *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006), and explain all legal and factual conclusions;

(5) the immigration judge shall consider and explain whether less restrictive alternatives to detention can reasonably address the government's interest; and

(6) Respondent shall file a Status Report with the Court within two business days of the bond hearing or of the Petitioner's release. The certification shall note when a bond hearing was held, whether bond was granted or denied, and the reasons for the decision.

**SO ORDERED**, this 17th day of November, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE